UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DUNCAN J. MCNEIL, III,

                        Plaintiff,          5:05-CV-0773 (NAM)(GJD)

    v.

UNITED STATES and its Officers and Agencies; CLERK, U.S. District Court - NDNY; CLERK, U.S. Bankruptcy Court - NDNY; U.S. ATTORNEY, NDNY; OFFICE OF U.S. TRUSTEE - NDNY; U.S. MARSHAL SERVICE - NDNY; FBI - NDNY; IRS - NDNY; SECRET SERVICE - NDNY, and their officers,

                        Defendants.

---

DUNCAN J. MCNEIL, III

                        Plaintiff,          5:05-CV-0774 (FJS)(DEP)

    v.

UNITED STATES and its Officers and Agencies; CLERK, U.S. District Court - NDNY; CLERK, U.S. Bankruptcy Court - NDNY; U.S. ATTORNEY, NDNY; OFFICE OF U.S. TRUSTEE - NDNY; U.S. MARSHAL SERVICE - NDNY; FBI - NDNY; IRS - NDNY; SECRET SERVICE - NDNY, and their officers,

                        Defendants.

---

APPEARANCES:

DUNCAN J. MCNEIL, III
Plaintiff, *pro se*
2030 W. Spofford
Spokane, WA 99205

NORMAN A. MORDUE, U.S. DISTRICT JUDGE

## DECISION and ORDER

**I.    Background.**

    *Pro se* plaintiff Duncan J. McNeil, III has recently commenced two actions in this District, which are before this Court for review. *McNeil v. United States*, 5:05-CV-0773

(NAM/GJD) ("*McNeil* I"); *McNeil v. United States*, 5:05-CV-0774(FJS/DEP)("*McNeil* II"). Plaintiff, who has not paid the filing fee for these actions, seeks leave to proceed *in forma pauperis*.[1]

## II.  Discussion.

### (A)  Consolidation.

Upon review of the files in these two actions, it appears that the plaintiff has filed a complaint, an application for leave to proceed *in forma pauperis,* and a motion seeking expedited action on his *in forma pauperis* application, request for service of process, and the appointment of counsel.  It further appears, however, that plaintiff's motion was docketed in *McNeil* I as his complaint, while the complaint (but not the motion) was docketed only in *McNeil* II.

Based upon the foregoing, the Court hereby consolidates these actions. Fed.R.Civ.P. 42(a).  *McNeil* I shall be the lead case and all further filings shall be made in *McNeil* I.  In addition, the Clerk of the Court shall revise the docket in *McNeil* I to identify the first docket entry as plaintiff's motion for expedited action on his *in forma pauperis* application, request for service of process, and the appointment of counsel.   The pleading docketed as the complaint in *McNeil* II shall be the complaint in this consolidated action and the Clerk of the Court is directed to file a copy of that complaint in *McNeil* I.

### (B)  Application to proceed *in forma pauperis*.

Turning to a review of plaintiff's *in forma pauperis* application, the Court finds that plaintiff has established sufficient economic need.  Dkt. No. 2.  Nevertheless, for the

---

[1] Plaintiff states that he is presently confined in the Spokane County Jail. *McNeil* II, Complaint at 3.

reasons set forth below, plaintiff's application is denied, without prejudice.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), provides that an inmate who seeks *in forma pauperis* status is required to pay over a period of time the full amount of the filing fee provided for in 28 U.S.C. § 1914(a).  In furtherance of this requirement, the Northern District of New York requires all inmates to submit a fully completed and properly certified *in forma pauperis* application and the authorization form issued by the Clerk's Office.  *See* Rule 5.4(b) of the Local Rules of Practice of the Northern District ("L.R. 5.4(b)").[2]

Plaintiff did not submit the required inmate authorization form and his *in forma pauperis* application must therefore be denied.

Denial of plaintiff's *in forma pauperis* application is also warranted pursuant to so-called "three strike" rule set forth in 28 U.S.C. § 1915(g).  Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, the Court is aware that plaintiff has previously filed as many as five cases which were dismissed as frivolous or malicious. See *McNeil v. United States*, 2005 WL 1521485 * 1 (N.D. Tex. June 28, 2005) (citing cases).[3]

---

[2]  The filing fee for this action is $250.00.  *See* Pub.L. No. 104-317 at § 401 (amending 28 U.S.C. § 1914(a)).

[3]  The decision also notes that plaintiff has been deemed a "vexatious litigant" in the Eastern District of Washington, the United States Bankruptcy Court for the Central District of California and the Spokane County Superior Court.  *Id*. fn. 1 (citation omitted).

Assuming, *arguendo*, that these dismissals constitute "strikes" within the meaning of 28 U.S.C. § 1915(g),[4] plaintiff may not proceed with this action *in forma pauperis* because he does not allege in his complaint that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Accordingly, plaintiff's *in forma pauperis* application is denied without prejudice.[5] Should plaintiff desire to proceed with this action, he must either pay the statutory filing fee of $250.00 or provide the Court with evidence regarding his prior litigation sufficient to establish that the dismissals of his prior actions should not be considered to be "strikes" within the meaning of Section 1915(g).

Should plaintiff fail to comply with the foregoing **within thirty (30) days** from the filing date of this Order, the Clerk of the Court shall enter judgment dismissing this action without further order of this Court.

**(C)     The complaint**.

The Court has also considered the sufficiency of the complaint in light of 28 U.S.C. § 1915A. Section 1915A directs that when a prisoner seeks "redress from a governmental entity or officer or employee of a governmental entity" the Court shall dismiss the complaint, or any part thereof, if the complaint

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[4] In *DeLeon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (per curiam), the Second Circuit held that district courts should not issue "strikes" in their orders dismissing actions that may ultimately qualify as "strikes". Rather, the Second Circuit ruled that strikes should be determined by the district court when it is asked to decide whether the plaintiff is barred from proceeding *in forma pauperis* by the three strike provision of 28 U.S.C. § 1915(g).

[5] In light of this denial, plaintiff's requests for service of process by the U.S. Marshal and the appointment of counsel are denied as moot.


      (2) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915A (b).

By his complaint, plaintiff seeks an order of this Court directing the various defendants, officers and agencies of the United States government, to perform their "duties." Complaint at 1.[6] Plaintiff does not include a short and plain statement of the facts supporting his claims and the Court is not able to discern the basis for this action. Plaintiff appears to seek enforcement of a judgment entered in the United States District Court for the Eastern District of Washington in January, 2001.[7] Plaintiff has not established any nexus, however, between this foreign judgment and the named defendants.

Plaintiff's complaint, as drafted, is not sufficient to state a claim for the violation of plaintiff's constitutional or statutory rights by the named defendants. Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b).

In light of plaintiff's *pro se* status, the Court will allow the plaintiff an opportunity to file an amended complaint. Plaintiff's amended complaint must allege specific facts demonstrating that a case or controversy exists between the plaintiff and the named defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction.

Any such amended complaint, **which shall replace in its entirety the previous**

---

[6] By its description, this complaint appears to be similar to the complaint filed by plaintiff in the Northern District of Texas. *See McNeil v. United States*, 2005 WL 1521485 * 1 (N.D. Tex. June 28, 2005).

[7] This judgment, a copy of which is attached to the complaint, resolved various employment related claims asserted by plaintiff against several private entities.

**complaint filed by plaintiff**, must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. **The body of plaintiff's complaint must contain a short and plain statement of facts in support of plaintiff's claims, set forth in sequentially numbered paragraphs**. Each paragraph shall set forth one act of misconduct or wrongdoing about which plaintiff complains, and shall include (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred and (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights. While Plaintiff may attach exhibits to the amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his claims. The Court will not independently examine exhibits that plaintiff does not specifically reference (by the exhibit's page number) in the amended complaint.

Plaintiff is advised that unless he files an amended complaint **within thirty (30) days** from the filing date of this Order, this action will be deemed abandoned and will be dismissed without further order of this Court.

WHEREFORE, it is hereby

ORDERED, that the Clerk consolidate *McNeil* I (5:05-CV-0773) and *McNeil* II (5:05-CV-0774). The Clerk shall reassign *McNeil* II to the undersigned, as presiding District Judge, and refer the case to the Hon. Gustave J. Di Bianco, as Magistrate Judge. *McNeil* I (5:05-CV-0773) shall be referred to and treated as the "lead" case, and all subsequent orders of this Court and papers that are submitted by the parties hereto that pertain to any

of the foregoing actions shall be filed in *McNeil* I.  The Clerk of the Court shall revise the docket in *McNeil* I to identify the first docket entry as a motion for expedited action on plaintiff's *in forma pauperis* application, request for service of process, and the appointment of counsel.  The pleading docketed as the complaint in *McNeil* II shall be the complaint in this consolidated action, and the Clerk of the Court is directed to file a copy of that complaint in *McNeil* I, and it is further

ORDERED, that plaintiff's application for leave to commence this action *in forma pauperis* is denied, without prejudice, and it is further

ORDERED, that plaintiff's motion for expedited service of process and the appointment of counsel is denied as moot, and it is further

ORDERED, that plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915A(b), and it is further

ORDERED, that plaintiff may file an amended complaint **within thirty (30) days** from the filing date of this Order.  Any such amended complaint shall comply fully with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure and the terms of this Order, and it is further

ORDERED, that if plaintiff wishes to proceed with this action he shall, **within thirty (30) days** from the filing date hereof, either (i) pay the $250.00 filing fee, or (ii) file a renewed *in forma pauperis* application supported by a signed inmate authorization form and evidence demonstrating that the dismissals of his prior actions should not be deemed "strikes" for purposes of 28 U.S.C. § 1915(g), and it is further

ORDERED, that if plaintiff fails to timely comply with this Decision and Order, the Clerk enter judgment dismissing this action without further Order of this Court, and it is

further

    ORDERED, that upon plaintiff's compliance with the terms of this Decision and Order, the file in this matter be returned to the Court for further review, and it is further

    ORDERED, that the Clerk of the Court serve a copy of this Decision and Order on plaintiff by regular mail.  The Clerk of the Court shall also send a copy of this Decision and Order to the Office of the United States Attorney for the Northern District of New York.

 IT IS SO ORDERED.

Dated:   August 5, 2005
        Syracuse, New York

*[signature]*
Norman A. Mordue
U.S. District Judge