UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DUNCAN J. MCNEIL, III,

                                                            Plaintiff,                    5:05-CV-0773
                                                                                              (NAM)(GJD)
     v.                                                                                                   (Lead Case)

UNITED STATES and its Officers and Agencies; CLERK, U.S.
District Court - NDNY; CLERK, U.S. Bankruptcy Court - NDNY;
U.S. ATTORNEY, NDNY; OFFICE OF U.S. TRUSTEE - NDNY;
U.S. MARSHAL SERVICE - NDNY; FBI - NDNY; IRS - NDNY;
SECRET SERVICE - NDNY, and their officers,

                                                                 Defendants.

---

DUNCAN J. MCNEIL, III

                                                            Plaintiff,                    5:05-CV-0774
                                                                                              (NAM)(GJD)
     v.

UNITED STATES and its Officers and Agencies; CLERK, U.S.
District Court - NDNY; CLERK, U.S. Bankruptcy Court - NDNY;
U.S. ATTORNEY, NDNY; OFFICE OF U.S. TRUSTEE - NDNY;
U.S. MARSHAL SERVICE - NDNY; FBI - NDNY; IRS - NDNY;
SECRET SERVICE - NDNY, and their officers,

                                                                 Defendants.

---

APPEARANCES:

DUNCAN J. MCNEIL, III
Plaintiff, *pro se*

NORMAN A. MORDUE, U.S. DISTRICT JUDGE

**DECISION and ORDER**

**I.**     **Introduction**

      By prior Decision and Order of this Court, the *in forma pauperis* application filed by *pro se*

plaintiff Duncan J. McNeil, III was denied. Dkt. No. 3. Plaintiff was directed to either pay the

statutory filing fee for this action or file a renewed *in forma pauperis* application supported by a signed inmate authorization form and evidence regarding his prior litigation sufficient to establish that the dismissal of those prior actions should not be considered to be "strikes" within the meaning of 28 U.S.C. § 1915(g) if he wished to avoid dismissal of this consolidated action. *Id*. at 4, 8.[1] Plaintiff was also advised that this action would be dismissed unless he filed an amended complaint which complies with the pleading requirements of the Federal Rules of Civil Procedure and which states a claim upon which relief may be granted by this Court. *Id*. at 5-8.

Plaintiff thereafter filed a motion seeking reconsideration of the Decision and Order, together with an amended pleading. Dkt. No. 5. Plaintiff has not complied with the Court's direction regarding the filing fee.

## II.     Motion for Reconsideration

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

Plaintiff contends that his *in forma pauperis* application was improperly denied. Plaintiff claims, for the first time in this action, that he is a civil detainee and not a "prisoner" for purposes of 28 U.S.C. § 1915. Dkt. No. 5 at 1 n. 1. Plaintiff argues that he is not subject to the three-strike rule and should be allowed to proceed *in forma pauperis* without payment of the filing fee. Plaintiff also claims

---

[1] As discussed in the prior Order, as many as five cases filed by plaintiff were dismissed as frivolous or malicious. See *McNeil v. United States*, 2005 WL 1521485 * 1 (N.D. Tex. June 28, 2005) (citing cases). In addition, plaintiff has been deemed a "vexatious litigant" in the Eastern District of Washington, the United States Bankruptcy Court for the Central District of California and the Spokane County Superior Court. *Id*. fn. 1 (citation omitted).

that, regardless of whether he is otherwise barred by the so-called three strike rule, he may proceed with this action *in forma pauperis* because he is under "imminent danger of serious physical injury." *Id*. at 1-2.

The term "prisoner" is defined in 28 U.S.C. § 1915(h) to mean:

any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release or diversionary program.

Courts have recognized that this definition of "prisoner" while extensive, is not all inclusive, and have held that persons detained in the course of deportation, as well as persons civilly detained under a sexual-predator statute or following a verdict of not guilty by reason of insanity, are not "prisoners" for purposes of §1915(h). *See e.g., Agyeman v. INS*, 296 F.3d 871, 885-86 (9th Cir. 2002) (INS detainee not prisoner); *LaFont v. INS*, 1235 F.3d 158, 165 (D.C. Cir. 1998) (same); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (person held on pure civil commitment is not a "prisoner"); *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001) (person held on civil commitment following verdict of not guilty by reason of insanity not a "prisoner").    Plaintiff, who is incarcerated in the Spokane County Jail in the state of Washington, has not provided the Court with any evidence in support of his claim that he is not a "prisoner" within the meaning of § 1915(h).  His motion for reconsideration is therefore denied on this ground.

Turning to plaintiff's remaining claim, a prisoner who has brought three or more actions or appeals in federal court that were dismissed on the ground that the action or appeal was frivolous, malicious, or failed to state a claim, may not proceed *in forma pauperis* in further suits unless "the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Section 1915(g) "rationally balances the economic deterrence rationale behind the 'three strikes' rule with the need for those prisoners who remain in danger of future grievous harm to be able to file immediately" for

redress of those claims. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 319 (3d Cir. 2001). Plaintiff's conclusory assertions that he is under imminent danger of serious physical harm are not sufficient to invoke the statutory exception to the possible application of the three-strike rule. As noted by the Court in its prior Decision and Order, plaintiff appears to seek an order directing various officers and agencies of the United States government to perform their "duties" and enforcing a judgment entered in the United States District Court for the Eastern District of Washington in January, 2001. Dkt. No. 3 at 5. Plaintiff has failed to establish any nexus between that claim and the alleged threat to his physical safety which he claims to be facing due to the conditions of his confinement in Spokane, Washington.[2]

Plaintiff's motion for reconsideration of the Court's Decision and Order denying his application for *in forma pauperis* status is denied.

### III.   Amended Complaint

The Court has also considered the sufficiency of the amended complaint submitted by plaintiff in order to determine whether he should be afforded yet another opportunity to comply with the filing fee requirements.

The amended complaint states that plaintiff is the owner of various foreign judgment and that this action is brought to enforce those judgments against persons and property located in the Northern District. Dkt. No. 5, Amd. Cmp. at 1. The amended complaint does not, however, establish any nexus between those judgments and the defendants in this action, and therefore fails to state a claim upon which relief can be granted by this Court. In addition, plaintiff sets forth several claims arising out of the conditions of his confinement in Spokane County Jail. However, as noted above, none of the named defendants are officials or employees of that facility and venue of these claims is not proper in

---

[2] Moreover, venue of claims arising out of the conditions of plaintiff's confinement would not be proper in this District.

this District.

Plaintiff's amended complaint, as drafted, is not sufficient to state a claim for the violation of plaintiff's constitutional or statutory rights by the named defendants.

**IV.     Conclusion**

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion for reconsideration (Dkt. No. 5) is denied, and it is further

ORDERED, that this action is dismissed due to plaintiff's failure to file an amended complaint which states a claim against the named defendants upon which relief may be granted by this Court, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Decision and Order on plaintiff by regular mail.  The Clerk of the Court shall also send a copy of this Decision and Order to the Office of the United States Attorney for the Northern District of New York.

 IT IS SO ORDERED.

Dated:   November 17, 2005
         Syracuse, New York

Norman A. Mordue
U.S. District Judge